IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ISAIAH L. CRAIG, JR. an individual, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No.: |
| v. | ) ) ) |
| TRANS UNION, LLC, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant.

2. The Plaintiff was sued by Unifund CCR Partners ("Unifund") for a debt Unifund claimed Plaintiff owed.

3. A judgment was entered against Plaintiff.

---

[1] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

4. On September 29, 2009, the Judge entered an order setting aside the judgment and garnishment and set the case for trial on November 16, 2009.

5. On November 16, 2009, the Judge entered an Order that Plaintiff Craig won the case against Unifund CCR Partners which means Plaintiff does not owe this debt and <u>there is no judgment against Plaintiff</u>.

6. Despite the November 16, 2009, Order, Defendant Trans Union reported a judgment against Plaintiff.

7. Plaintiff disputed this and told Defendant Trans Union what happened and gave Defendant Trans Union a copy of the orders.

8. Defendant refused to remove a notation of a public record judgment against Plaintiff.

## JURISDICTION

9. Personal jurisdiction exists over Defendant as it had the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

10. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

11. Venue is proper as Plaintiff lives in Alabama and the Defendant does business in this judicial district.

## PARTIES

12. Plaintiff Isaiah Craig (hereinafter "Plaintiff") is a natural person who is a resident of Alabama.

13. Defendant Trans Union, LLC ("Defendants" or "Trans Union[2]") is a foreign company that engages in the business of maintaining and reporting consumer credit information. It is incorporated in Delaware and has its principal place of business in Illinois.

## FACTUAL ALLEGATIONS

14. On January 22, 2008, Unifund sued Plaintiff Craig in the District Court of Jefferson County, Alabama, with a case number of DV-2008-000434.

15. On March 28, 2008, Unifund filed an Application for Default Judgment against Plaintiff Craig.

16. On April 8, 2008, an Order of Judgment was filed against Plaintiff Craig.

17. On September 15, 2009, Plaintiff Craig filed Motion to Set Aside Judgment and Release Garnishment.

---

[2] "Trans Union" means Trans Union directly or through its employees and agents who were involved in any credit reporting activities.

18. On September 29, 2009, an Order was entered stating that "Judgment of April 8, 2008 is **set aside and held for naught**" and "this case is set for trial on the 16th day of November, 2009."

19. On November 16, 2009, an Order was entered stating "This case coming on for trial, Plaintiff appears through counsel and Defendant appears pro se. **Judgment entered by trial for the Defendant** [Isaiah Craig], costs taxed as paid. Order announced in open court."

20. Trans Union has reported the judgment against Plaintiff even though the judgment was vacated.

21. After the judgment was set aside, Plaintiff sent one or more letters to Defendant Trans Union requesting an investigation of the judgment that still appeared on Plaintiff Craig's credit report.

22. Plaintiff Craig requested the judgment be removed.

23. Defendant Trans Union was not concerned and did not care about what the state court did in the case as Defendant Trans Union did not intend to perform a reasonable investigation.

24. Defendant Trans Union did not perform any type of reasonable investigation.

25. Defendant failed to properly investigate this dispute as if Defendant had properly investigated, the judgment would have been deleted.

4

26. On December 11, 2013, Defendant Trans Union issued its results of investigation, which shows the judgment as paid.

27. Defendant Trans Union has continued to report this judgment even with the Judge's orders of September 29, 2009 and November 16, 2009.

28. There is no judgment against Plaintiff and Defendant Trans Union knows this but is still reporting a judgment.

29. Defendant was provided with more than sufficient information in the dispute and in its own sources of information to conduct an investigation and to conclude that the judgment complained of was being reported incorrectly.

30. Defendant Trans Union has previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer.

31. Defendant Trans Union, however, <u>refused</u> to rely upon what the state court judge actually said - - an Order setting aside the default judgment, and then the order finding in favor of Plaintiff Craig.

32. Defendant Trans Union refused to read the Order or it read the Order and then chose to ignore it.

33. The Order in favor of Plaintiff Craig means Plaintiff Craig does not have the judgment against him.

34. The state court ruling was a final judgment.

35. This final judgment was not appealed.

36. Defendant Trans Union maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in its files and to conduct a reasonable investigation on Plaintiff Craig's disputes, which led as a direct result and consequence to the Defendant either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

37. At all relevant times the Defendant Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Craig's credit reports, violating 15 U.S.C. § 1681e(b) and state law.

38. At a minimum, reasonable procedures require Defendant Trans Union to read the orders entered if it chooses to report orders on the credit reports of consumers.

39. Defendant failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Craig's credit information and Plaintiff Craig's credit report, thus violating state law as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with Defendant Trans Union.

40. Defendant Trans Union has failed to maintain Plaintiff Craig's account with maximum accuracy and Defendant Trans Union has failed to properly investigate the account in response to the disputes made by Plaintiff Craig.

41. The conduct of the Defendant Trans Union has proximately cause Plaintiff Craig past and future monetary loss, past and future damage to Plaintiff Craig's credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

42. It is a practice of the Defendant to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

43. Defendant Trans Union is a sophisticated business and it knows its conduct is wrong.

44. All actions taken by Defendant Trans Union were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Craig and/or with the knowledge that its actions would very likely harm Plaintiff Craig and/or that its actions were taken in violation of the FCRA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and/or state law.

45. Defendant Trans Union has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such Defendant Trans Union is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

46. Defendant is liable to Plaintiff Craig through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees and agents.

47. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant Trans Union in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 et seq.**

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

50. Plaintiff Craig notified Defendant Trans Union directly of a dispute on the judgment's completeness and/or accuracy, as reported.

51. Defendant Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff Craig's disputes.

52. Plaintiff Craig alleges that at all relevant times Defendant Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Craig's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

53. Plaintiff Craig alleges that Defendant Trans Union failed to conduct a proper and lawful reinvestigation. For example, Defendant Trans Union was given notice that the judgment was vacated and the case ended in a verdict in favor of Plaintiff Craig, but Defendant Trans Union apparently failed to review the Order, the court file or contact the court or contact counsel for Unifund. Other examples will become apparent once discovery is commenced.

54. All actions taken by the Defendant Trans Union were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Craig and/or with the knowledge that its actions would very likely harm

Plaintiff Craig and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and state law.

55. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II.

## STATE LAW CLAIMS

56. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

57. Defendant intentionally published false and defamatory information related to the judgment.

58. Plaintiff gave Defendant Trans Union written notice to withdraw the false information but Defendant Trans Union refused to do so.

59. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint. This includes the reporting of the judgment and the handling of any investigations on the judgment.

60. Defendant assumed a duty to accurately report on Plaintiff.

61. Defendant violated all of the duties the Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

62. It was foreseeable, and Defendant Trans Union did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

63. Defendant invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

64. The Defendant acted with intentional, reckless, or wanton conduct in reporting this false information.

65. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the dispute to Defendant Trans Union.

66. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damages as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant Trans Union for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

*/s/ John G. Watts*
_____
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
***Attorneys for Plaintiff***

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following addresses:**

Trans Union, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104